IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON LOZADA | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOHN WETZEL, Secretary, | : | |
| Pa. Dept. of Corrections, THE | : | NO. 15-2640 |
| DISTRICT ATTORNEY OF THE | : | |
| COUNTY OF PHILADELPHIA and | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA | : | |

## MEMORANDUM OPINION

Savage, J.                                                      December 22, 2016

More than eight years after his sentence became final, Jason Lozada, a state prisoner currently incarcerated at SCI-Forest, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  He contends that his trial counsel failed to file a direct appeal despite his request that he do so and erroneously advised him that his pleading guilty did not preclude his appealing the denial of his motion to dismiss the charges.

Lozada's habeas petition is untimely.  His delay in filing it is not excused by either statutory or equitable tolling.  Therefore, we shall dismiss his petition.

### Background

On January 23, 2007, pursuant to a negotiated plea, Lozada pleaded guilty to rape and corruption of the morals of a minor.  He was sentenced to concurrent terms of eight and one-half to twenty years and two and one-half to five years.[1]  Lozada did not file post-sentence motions.  Nor did he take a direct appeal.  On May 12, 2015, Lozada filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254.  He claims ineffective

---

[1] Pet. for Writ of Habeas Corpus (Doc. No. 1) ("Pet.") at ECF 2–3; Resp. (Doc. No. 4) at 1.

assistance of counsel.[2]

Lozada contends that he presented his claims in a petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541 *et seq.*, which he filed on April 30, 2007.[3]   Although he produced a time-stamped copy of his petition, no original exists at either the Philadelphia Court of Common Pleas or the PCRA Unit of the District Attorney's Office.[4]   Lozada asserts the petition was properly filed with the court and he surmises it was subsequently "lost or otherwise destroyed."[5]   The respondents suggest it is more likely that Lozada mistakenly mailed his petition to the PCRA Unit of the District Attorney's Office instead of the Court of Common Pleas.[6]

More than seven years later, Lozada filed a motion for disposition of his 2007 PCRA petition.[7]   The next day, on September 10, 2014, the Court of Common Pleas returned the motion because there was no record of a pending petition.[8]   Lozada filed a second PCRA petition on October 24, 2014,[9] in which he argued the government "improperly interfered" with his first "timely filed PCRA."[10]   He attached a time-stamped 2007 PCRA petition.

The 2014 PCRA petition was dismissed as meritless by the Court of Common

---

[2] Pet. at ECF 5.

[3] *Id.* at ECF 4; Reply (Doc. No. 7), Ex. A at ECF 14 (2007 PCRA).

[4] Resp. to Pet'r's Reply (Doc. No. 9) at 2.

[5] Pet'r's Reply to Resp. to Pet'r's Reply (Doc. No. 11) at 6.

[6] Resp. to Pet'r's Reply at 3.

[7] *Id.*, Ex. E (Doc. No. 9-2) at ECF 3 (Motion for Disposition of Pending PCRA).

[8] *Id.* at ECF 2.

[9] Resp. to Pet'r's Reply, Ex. A (Doc. No. 9-1).

[10] *Id.* at ECF 3.

Pleas on September 11, 2015.[11]   On July 20, 2016, the Superior Court affirmed the PCRA court's dismissal of his petition, determining that Lozada did not file a timely PCRA petition.  *Commonwealth v. Lozada*, No. 3184-EDA-2015, slip op. at 6 (Pa. Super. July 20, 2016).  The court concluded that Lozada did not properly file a PCRA petition in 2007, stating that "he merely mailed one to the district attorney's office."  *Id.*

## Analysis

A habeas petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") must be filed within the statutory one-year limitation period.  28 U.S.C. § 2244(d).  The relevant provision provides that the limitation period begins to run from the latest of:

> (A) the date on which the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such a review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Lozada's sentence became final on February 22, 2007, thirty days after his sentence was imposed and no appeal was taken.  *See, e.g.*, *Helt v. Palmer*, No. 09-03584, 2010 WL 2663205, at *1 (E.D. Pa. June 30, 2010).  His federal habeas petition

---

[11] *Id.*, Ex. B (Doc. No. 9-3) (Order of Dismissal).

had to have been filed no later than February 22, 2008.  Lozada did not file his habeas petition until May 12, 2015, more than seven years after the limitations period had expired.  Thus, absent statutory or equitable tolling, Lozada's petition is untimely.

*Statutory Tolling*

AEDPA provides that the one-year limitation period may be tolled during the time a properly filed application for post-conviction relief or other collateral review is pending in the state court.  28 U.S.C. § 2244(d)(2).  The filing of a state petition for post-conviction relief does not restart the AEDPA clock.  It merely stops the running of the limitations period while the petition is pending in the state court.  *E.g.*, *White v. Varano*, No. 12-4283, 2013 WL 786927, at *3 (E.D. Pa. Feb. 7, 2013).

Lozada's limitations period began to run when his sentence became final on February 22, 2007.  Lozada contends he filed a petition under the PCRA on April 30, 2007.  He has presented a copy of the face page of a PCRA petition with a time stamp reading:

RECEIVED
APR 30 2007
PCRA UNIT

If the PCRA petition was properly filed on April 30, 2007, the limitations period was tolled until the court ruled on it.  On the other hand, if it was not, the limitations period expired on February 23, 2008.

The Superior Court determined that the copy of the document was received by the District Attorney's Office, not by the clerk of courts.  *Lozada*, No. 3184-EDA-2015, slip op. at 6.  The court based its decision on the absence of a docket entry or a copy of a "petition marked as received by the clerk of courts" on April 30, 2007.  *Id.*  It then

4

concluded Lozada "did not file a petition seeking PCRA relief in 2007; he merely mailed one to the district attorney's office."  *Id.* (emphasis omitted).  In short, based on the Superior Court's finding, there was no "properly filed" petition for post-conviction relief that tolled the limitations period.

To grant habeas relief based on an alleged error in a state court's factual findings, a federal court must find that the state court's conclusion was "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2). Under AEDPA, a state court's determination of a factual issue is presumed to be correct, and a habeas petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338–39 (2006).

A state court's determination of whether a state court filing was actually made is a factual issue entitled to AEDPA deference.  *Washington v. Sobina*, 509 F.3d 613, 621 (3d Cir. 2007).  In *Washington*, the Third Circuit reversed the district court's tolling the statute of limitations based on a time-stamped appeal.  It rested its decision on the state court's conclusion that no appeal had been filed because there was no docket entry of a filing.  As in *Washington*, Lozada's possession of a time-stamped PCRA petition is not clear and convincing evidence rebutting the Superior Court's factual determination that Lozada did not file a PCRA petition where there was no docket entry or copy bearing the time-stamp of the clerk of courts.  *See id.* at 620.

The Pennsylvania Superior Court's factual determination that Lozada did not file a PCRA petition with the clerk of courts is not unreasonable.  AEDPA does not permit us to overturn the Superior Court's finding that Lozada did not properly file a PCRA

petition.  Therefore, there is no basis for applying statutory tolling.

*Equitable Tolling*

The statute of limitations for filing a federal habeas corpus petition is subject to equitable tolling.  Equitable tolling is warranted only if the petitioner demonstrates that "(1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citations omitted).

Petitioner must show that an extraordinary event prevented him from diligently pursuing his rights.  Equitable tolling is available where the petitioner demonstrates that either: (1) the defendant has actively misled him; or (2) he has been prevented from asserting his rights in some extraordinary way; or (3) he has timely asserted his rights mistakenly in the wrong forum.  If he does, he must then show that he diligently pursued his rights.  *Urcinoli v. Cathel*, 546 F.3d 269, 273 (3d Cir. 2008); *Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006).  In *Satterfield*, the court never reached the issue whether the petitioner was entitled to equitable tolling when he filed a PCRA petition in the Pennsylvania Supreme Court, the wrong forum, rather than in the Court of Common Pleas, the proper forum.  It concluded that the petitioner did not pursue his petition diligently.  *Satterfield*, 434 F.3d at 196.

To successfully invoke equitable tolling, the petitioner must have pursued his rights with "reasonable diligence" under the circumstances.  *Holland*, 460 U.S. at 653. Reasonable diligence does not mean "maximum feasible diligence."  *Id.*  But, the petitioner must show that he acted with reasonable diligence throughout the post-conviction relief process.  *LaCava v. Kyler,* 398 F.3d 271, 277 (3d Cir. 2005).

In *LaCava*, the court made it clear that a habeas petitioner has an obligation to pursue his petition throughout the exhaustion process. *Id.* He must do more than file his PCRA petition. The *LaCava* court concluded that the petitioner did not act diligently when he did not inquire about the status of his petition for allowance of appeal for twenty-one months. *Id.* Thus, the court held he was not entitled to equitable tolling. *Id.*

Lozada failed to inquire about the status of his petition for post-conviction relief in state court for seven years. He offers no excuse and we cannot discern any for his failure to pursue his rights diligently throughout the post-conviction relief process for seven years. If Lozada had inquired about the status of his 2007 petition sooner, he would have discovered that he had mistakenly filed it with the District Attorney's Office. He did not. He waited more than seven years to inquire about the disposition of his 2007 petition. Thus, he has not shown he exercised reasonable diligence in pursuing his post-conviction request for relief.

### Certificate of Appealability

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find it debatable that Lozada's habeas petition is time-barred, and is not subject to statutory or equitable tolling.

**Conclusion**

Because Lozada's petition for writ of habeas corpus is time-barred, we shall dismiss it.

       /s/ Timothy J. Savage
       TIMOTHY J. SAVAGE,  J.